**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RONALD S. CLARK,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-15-1141 |
| v. : | |
| : | (Judge Caputo) |
| **SUPERINTENDENT GLUNT,** *et al.*, : | |
| : | |
| Respondents : | |

**M E M O R A N D U M**

**I.   Introduction**

On June 8, 2015, the pro se petitioner, Ronald S. Clark, an inmate housed at the Rockview State Correctional Institution in Bellefonte, Pennsylvania, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254.  The petition challenges his 2009 conviction and sentence in the Court of Common Pleas of Lackawanna County, Pennsylvania.

Presently before the Court is Respondents' Motion to Dismiss the petition as time-barred. (Doc. 10.) For the reasons discussed below, Respondents' motion will be denied. The Court will dismiss the petition without prejudice to Mr. Clark's ability to pursue federal habeas corpus relief at the conclusion of his state collateral review process.

**II.   Background and Procedural History**

On June 18, 2009, following a jury trial held in the Court of Common Pleas of Lackawanna County, Mr. Clark was found guilty of two counts of aggravated assault, two counts of simple assault, two counts of recklessly endangering another person, terroristic

threats, criminal mischief, unlawful restraint, false imprisonment and harassment.  *See Commonwealth v. Clark*, CP-35-CR-0001639-2008 (Pa. Ct. Com. Pl. Lackawanna Cnty.).[1]  He was sentenced on October 2, 2009.  (*Id*.)  Following sentencing, the Commonwealth filed a motion for reconsideration of sentence, and  Mr. Clark filed post-trial motions.  (*Id*.)  On February 22, 2010, the trial court held a hearing on the Commonwealth's motion for reconsideration of sentence, and granted the motion.  (*Id*.)  Mr. Clark was resentenced on February 22, 2010.  His post-trial motions were denied.  (*Id*.)

In the interim, Mr. Clark, with the assistance of counsel,[2] filed a January 27, 2010, notice of appeal to the Superior Court of Pennsylvania.  *See* Docket of Superior Court, 215 MDA 2010.[3]  On April 13, 2010, the appeal was dismissed due to Mr. Clark's counsel's failure to file a docketing statement pursuant to Pa. R.A.P. 3517.  On October 20, 2010, Mr. Clark, again represented by Attorney Kalinowski, filed a second notice of appeal.  *See* Docket of Superior Court, 1717 MDA 2010.[4]  On January 28, 2011, the superior court granted Mr. Clark's December 6, 2010 petition to withdraw his appeal.  (*Id*.)

After Mr. Clark was resentenced on February 22, 2010, he filed post-sentence motions which the trial court denied on October 22, 2010.  *See Commonwealth v. Clark*, CP-35-CR-0001639-2008 (Pa. Ct. Com. Pl. Lackawanna Cnty.).  On November 16, 2010, Mr. Clark's new

---

[1] The court takes judicial notice of the trial court's docket sheets, available via Pennsylvania's Unified Judicial Docket System, docket research at:  http://ujsportal.pacourts.us/.

[2] Mr. Clark was represented by Joseph Kalinowski, Esquire, at trial and on direct appeal.

[3] The court takes judicial notice of the docket sheet in 215 MDA 2010, available via Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

[4] The court takes judicial notice of the docket sheet in 1717 MDA 2010, available via Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

appellate counsel, Attorney Donna DeVita, filed a third and timely notice of appeal. *See* Docket of Superior Court, 1891 MDA 2010.[5]

On January 6, 2011, the Lackwanna County Clerk's Office forwarded Mr. Clark's entire file to the Superior Court. On February 17, 2011, after Mr. Clark requested to proceed *pro se* on appeal, the Superior Court remanded the matter to the trial court for the purpose of conducting a *Grazier* hearing.[6] On March 24, 2011, following a *Grazier* hearing, the trial court granted Mr. Clark's request to proceed *pro se*, and granted appellate counsel's request to withdraw as counsel of record. *See Commonwealth v. Clark*, CP-35-CR-0001639-2008 (Pa. Ct. Com. Pl. Lackawanna Cnty.). On September 29, 2011, the superior court dismissed Mr. Clark's appeal after he failed to file a brief. *See* Docket of Superior Court, 1891 MDA 2010.

On September 13, 2012, Mr. Clark filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 PA. CON. STAT. ANN. §§ 9541 *et seq*. The following day he filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. *See Clark v. Pennsylvania*, Civ. No. 3:CV-12-1444, 2012 WL 5450037 (M.D. Pa. Nov. 7, 2012). On November 7, 2012, this Court dismissed Mr. Clark's habeas petition without prejudice to him filing a new petition at the conclusion of the state collateral review process. (*Id*.) On April 18, 2013, the United States Court of Appeals for the Third Circuit denied Mr. Clark's request for a certificate of appealability. *See Clark v. Commonwealth of Pennsylvania*, C.A. No. 12-4336 (3d Cir. Apr. 18, 2013).

---

[5] The court takes judicial notice of the docket sheet in 1891 MDA 2010, available via Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

[6] A *Grazier* hearing refers to the requirement under state law that "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81, 82 (Pa. 1998).

On June 6, 2013, the trial court, now acting as the PCRA court, appointed Kurt Lynott, Esquire to represent Mr. Clark for PCRA matters. On July 3, 2013, Mr. Clark filed a petition for the withdrawal of counsel. Mr. Clark then filed documents captured by the docket as "Pro Se Petitions" on September 16, 2013, December 12, 2013, and February 6, 2014. *See Commonwealth v. Clark*, CP-35-CR-0001639-2008 (Pa. Ct. Com. Pl. Lackawanna Cnty.). He also filed another "Petition for Post Conviction Collateral Relief" on January 3, 2014. (*Id*.)

On August 24, 2015, a copy of the transcript of the January 27, 2014-PCRA hearing held by Judge Michael J. Barrasse was docketed. (Doc. 11-1, PCRA Transcript.) At the hearing Attorney Lynott reported "there is nothing that [he] could find that would warrant that [he] amend and file a new petition so [he] would, in essence, do an oral *Turner/Finley*,[7] as [he] already advised Mr. Clark [what he] was going to do in that [he] would seek his withdrawal as counsel as [Mr. Clark] has requested ...". (*Id*., ECF p. 5.) Mr. Clark again requested "to proceed *pro se*." (*Id*., ECF p. 6.) At the close of the hearing Judge Barrasse stated "[a]t this time the Court is going to deny the PCRA, and we will be allowing the withdrawal of Attorney Lynott." (*Id*., ECF p. 8.) There is no "no-merit" letter noted on the docket. Also, there is no order on the docket addressing the resolution of either of Mr. Clark's petitions for post conviction collateral relief. *See Commonwealth v. Clark*, CP-35-CR-0001639-2008 (Pa. Ct. Com. Pl. Lackawanna Cnty.).

Pursuant to the prison mailbox rule, *see Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003), Mr. Clark filed his current § 2254 petition on June 8, 2015. (Doc. 1.) In accordance

---

[7] *Turner/Finley* refers to the procedures to be followed under Pennsylvania law when it comes to the allowance of withdrawal of appointed or privately-retained counsel in collateral proceedings. *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super.1988) (*en banc*).

with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Mr. Clark that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act (AEDPA). (Doc. 5.) On July 22, 2015, Mr. Clark returned the notice of election form, indicating that he wished to proceed with his petition for writ of habeas corpus as filed. (Doc. 6.) A Show Cause Order was issued on July 30, 2015. (Doc. 7.) On August 25, 2015, the District Attorney of Lackawanna County filed a Motion to Dismiss claiming the Petition is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). Respondent also filed a response to the petition. (Docs. 10, 11, 15 and 16.) Mr. Clark filed a traverse on October 14, 2015. (Doc. 17.)

**III.    Discussion**

A habeas petitioner challenging a state conviction must first attempt to present his claim in state court. 28 U.S.C. § 2254(b); *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 787, 178 L.Ed2d 624 (2011). This means that the petitioner must fully and fairly present each federal claim through one full round of state court review before filing a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 - 48, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Robinson v. Beard,* 762 F.3d 316, 328 (3d Cir. 2014). The purpose of the exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the

initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts both on direct appeal and in a PCRA proceeding. (*Id.*) However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented.[8] *See* 28 U.S.C. § 2254(c); *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). Consequently, as a general rule, a federal court cannot grant habeas relief to a section 2254 petitioner unless the petitioner has exhausted the remedies "available" in state court as to his federal claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing section 2254(b)(1)(A)).

Here, Mr. Clark's September 13, 2012-PCRA petition is still pending before the PCRA court. *See Clark v. Pennsylvania*, Civ. No. 3:CV-12-1444, 2012 WL 5450037 (M.D. Pa. Nov. 7, 2012). Although the PCRA court held a hearing on January 27, 2014, concerning the petition, and at the conclusion of the hearing indicated its dismissal of the petition, there is no

---

[8] On May 9, 2000, the Pennsylvania Supreme Court issued Order 218, which eliminated the need of Pennsylvania criminal defendants to seek discretionary review in that court to exhaust state court remedies. Order 218 "renders review from the Pennsylvania Supreme Court unavailable for purposes of exhausting state court remedies under 2254(c)". *Boyd v. Waymart,* 579 F.3d 330, 368 (3d Cir. 2009) (quoted case and internal quotation marks omitted).

order on the docket dismissing the petition.[9]  Without entry of such an order, the PCRA remains pending.  *See Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (The Pennsylvania Superior Court held that "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket.")  Consequently, Mr. Clark's period for appealing his PCRA decision to the superior court has not yet been triggered if there is "no indication that the clerk furnished a copy of the order" resolving the PCRA petition to the appellant in the docket entries.  *Id*.  Moreover, although Respondents argue that Mr. Clark's habeas petition is untimely, it is not argued that his PCRA petition was untimely or improperly filed.  As such, the PCRA petition statutorily tolls the AEDPA's one-year limitations period during the time a "properly filed" application for state post-conviction review is pending in state court.  *See* 28 U.S.C. § 2244(d)(2).  Based on the continued pendency of Mr. Clark's PCRA petition before the Lackawanna Court of Common Pleas, his petition will be dismissed without prejudice to his right to pursue federal habeas corpus relief at the conclusion of the state collateral review process.

---

[9] Pursuant to Pa. R. App. 301(a):

> (1) Except as provided in paragraph (2) of this subdivision, no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court.  Where under the applicable practice below an order is entered in two or more dockets, the order has been entered for the purposes of appeal when it has been entered in the first appropriate docket.
>
> (2) In a criminal case in which no post-sentence motion has been filed, a judgment of sentence is appealable upon the imposition of sentence in open court.

Pa. R. App. 301(a).

**IV.     Conclusion**

Based on the foregoing, Respondents' motion to dismiss (Doc. 10) will be denied.  The petition for writ of habeas corpus will be dismissed without prejudice.

An appropriate order follows.


                                             **/s/ A. Richard Caputo**
                                             **A. RICHARD CAPUTO**
                                             **United States District Judge**

**DATE: April 5th, 2016**